1  TARYN L. JONES
   5940 University Avenue Apt. 7
2  San Diego, CA  92115
   (619)704-6588
3  Pro- Se  Plaintiff

4

5

6

7

8            UNITED STATES DISTRICT COURT FOR THE SOUTHERN
9                     DISTRICT OF CALIFORNIA

10
   TARYN L. JONES                    )   Case No. 14 CV 1754-BAS-BGS
11              Plaintiff(s),        )
                                     )
12     vs.                           )
                                     )   COMPLAINT
13                                   )
   LOBEL FINANCIAL CORP, GARY DEAN   )
14 LOBEL                             )   *Jury Trial Requested*
                                     )
15                                   )
                                     )
16                                   )
                                     )
17              Defendant(s).        )
18                                   )
                                     )
19  _____

20                    **JURISDICTION**
21        Jurisdiction is established in the United States Court by the Plaintiff's claim(s) of violation
22  of the *'due process"* clause of the 14[th] Amendment to the United States Constitution.
23                       **VENUE**
24  Venue is established at the United States District Court For the Southern District of California at
25  San Diego, by the address of the Plaintiff being 5940 University Avenue Apt. 7 San Diego, CA
    92115 in San Diego County and the action(s) complained about occurred in San Diego County.
26  ///
27  ///
28

                              COMPLAINT- 1 -

**PARTIES**

1

2   TARYN L. JONES is a resident of California at the County of San Diego who contracted

3   with LOBEL FINANCIAL CORP to finance the purchase of a car.

4   LOBEL FINANCIAL CORP. is a California Corporation doing finance business through

5   and by various car dealerships in the United States.

6   GARY DEAN LOBEL is the owner/operator of LOBEL FINANCIAL CORP.

7
**SUMMARY OF COMPLAINT**
8

9   Plaintiff contracted with Checker Auto Sales (No longer in business) to purchase a vehicle

10   which was a 2002 Mitsubishi Galant VIN: 4A3AA46G82E134237 on February 22, 2008. The

11   contract was sold subsequent to that date to LOBEL FINANCIAL CORP. Plaintiff made all

12   payments timely until January of 2009. Plaintiff had changed jobs and was now paid bi-weekly

13   instead of weekly and the January payment was one week late. Plaintiff was contacted

14   telephonically by defendant LOBEL FINANCIAL CORP. Plaintiff was not at home for the call but

15   plaintiff's "mom" told the person from LOBEL FINANCIAL CORP. that plaintiff would be in to

16   pay the full amount due the next day. The person calling from LOBEL FINANCIAL CORP.

17
18   indicated that that would be fine and Plaintiff could make her payment the next day.

19   At 6 am the day the plaintiff was supposed to make payment in accordance with the verbal

20   agreement made by an employee of LOBEL FINANCIAL CORP., the vehicle was repossessed

21   from in front of plaintiff's residence.

22   Plaintiff called the LOBEL FINANCIAL CORP. office located in San Diego County and

23
24   was told that there was nothing that she would have to pay the full amount outstanding on the

25   vehicle because it had been repossessed. Plaintiff chalked it up as a loss as more than half the price

26   owed had been paid and she did not have the full amount of the remaining balance.

27   ///

28   ///

LOBEL FINANCIAL CORP sold the vehicle for more than what the plaintiff owed on it when it was repossessed and sent plaintiff a letter attempting to collect the remaining balance of what the plaintiff owed at the time of repossession. This notice was received some time in the later months of 2010 over a year after the repossession.

Plaintiff knowing that Defendant LOBEL FINANCIAL CORP. had recouped more than the amount she owed considered the collection notice invalid and tabled the matter until such time a court action would be initiated as inferred in the collection letter.

Plaintiff was never served with the Summons and Complaint for the state action numbered 37-2009-00093031-CL-CL-CTL filed at Superior Court Of California, County Of San Diego nor any subsequent papers generated or filed in that matter. Although the person completing the "Proof Of Service" in the case states that Plaintiff was served via her "Roommate" at 340 S. Meadowbrook Drive Apt. B  San Diego, CA 92114, this is not true.

Plaintiff had moved from that residence many months prior to July 29, 2009 when the Proof of Service is dated. Plaintiff further **did not** have a roommate fitting the description of the person served when she lived at that address and subsequent to her moving no person fitting that description has lived in that residence up to and including the present date.

The action that was filed was granted a Default Judgment because as Plaintiff was not served she did not know that the action existed. Plaintiff not knowing of the action could not answer the complaint, dispute the default judgment or otherwise appear in the action.

Plaintiff now faces *wage garnishment* the order for which was based upon the judgment in default filed as against Plaintiff.

Plaintiff by the bogus "Proof Of Service" has been effectively denied due process and must suffer the fallout of such denial legally, financially, and emotionally.

///

///

1

## CAUSES OF ACTION

2  As for a FIRST cause of action Plaintiff alleges violation of the due process clause of the

3  14th Amendment of the Constitution as the Defendant(s) by proffering a bogus "Proof Of Service"

4  denied Plaintiff and opportunity to answer the Complaint and confront her accusers.

5  Plaintiff re-alleges the allegations of the FIRST cause of action and incorporates them

6  herein and alleges as a SECOND cause of action Fraud as Defendant(s) knowingly or negligently

7
8  used a fraudulent "Proof Of Service to secure a default judgment against Plaintiff.

9  Plaintiff re-alleges the allegations of the FIRST and SECOND causes of action and

10  incorporates them herein and alleges as a THIRD cause of action Negligent and/or Intentional

11  infliction of Emotional Distress, as plaintiff has been unduly stressed out by discovering Defendants

12  past actions while confronting Defendants current action of wage garnishment which will place

13  Plaintiff in financial distress and create an inability to pay basic living expenses.

14

## PRAYERS FOR RELIEF

15
16  As to the FIRST cause of action Plaintiff prays for a monetary amount of ten thousand

17  dollars ($10,000.00).

18  As to the SECOND cause of action plaintiff prays for a monetary amount of fifty thousand

19  dollars ($50,000.00).

20  As to the THIRD cause of action Plaintiff prays for a monetary amount of one hundred

21  thousand dollars ($100,000.00).

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   Plaintiff prays for a total monetary amount of one hundred and sixty thousand

2   dollars($160,000.00).

3   Plaintiff also prays for Punitive Damages and any other such relief as the court may deem

4   just and proper.

5   **Dated: June 24, 2014**

6   **San Diego, CA**                     TARYN L. JONES – Plaintiff  Pro-Se
                                          5940 University Ave. Apt 7,
7                                          San Diego, CA 92115
                                          (619) 704-6588

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28