# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARYN L. JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GARY DEAN LOBEL, et al.,<br><br>Defendants. | Case No. 14-cv-1754 BAS (BGS)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP (ECF 3); AND**<br>**(2) DENYING PLAINTIFF'S APPLICATION FOR EMERGENCY PRELIMINARY INJUNCTION (ECF 2)** |

On July 25, 2014, Plaintiff Taryn L. Jones commenced this action against Defendants Gary Dean Lobel and Lobel Financial Corp. ECF 1. On the same day, she also filed a motion seeking leave to proceed *in forma pauperis* ("IFP") (ECF 3) and an application for an emergency preliminary injunction (ECF 2). For the reasons outlined below, the Court **GRANTS** Jones' IFP motion and **DENIES** application for an emergency preliminary injunction.

**I.     Leave to proceed *in forma pauperis* is granted.**

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other*

*grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Jones lists her take-home pay as $2,595.62 as an employee of Sharp

Health Care.  She attests that she supports her three daughters fully, and her monthly expenses total nearly her entire monthly income.  She has no bank accounts or outstanding debts listed.  Her primary expenses seem reasonably frugal to support a four-person household, and it appears she would be required to undergo significant hardship to pay the filing fee at this time.  Accordingly, Jones' motion to proceed *in forma pauperis* is **GRANTED** at this time.

## II.     Jones' application for an emergency preliminary injunction is denied.

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.,* 2006 WL 5003362, *2, 2006 U.S. Dist. LEXIS 97023, *4 (S.D.Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS,* 306 F.3d 842, 873 (9th Cir.2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.,* 448 F.3d 1118, 1123 (9th Cir.2006) (citations omitted). The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods,* 415 U.S. at 439, 94 S.Ct. 1113 (1974); *see also Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1130–31 (9th Cir.2006).

Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons

1  why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Although the
2  restrictions imposed are stringent, they "reflect the fact that our entire
3  jurisprudence runs counter to the notion of court action taken before reasonable
4  notice and an opportunity to be heard has been granted both sides of a dispute."
5  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S.
6  423, 438–39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

7  In this case, Jones has failed to properly attempt to provide Lobel with an
8  opportunity to respond to her application. Our judicial system requires that parties
9  provide notice to an adverse party if it is at all possible. Here, the Court finds that
10 Jones has not adequately explained why notice to the opposing party could not
11 have been provided. Accordingly, her application for an emergency preliminary
12 injunction is **DENIED.**

13 **IT IS SO ORDERED.**

15 **DATED: August 14, 2014**

Hon. Cynthia Bashant
United States District Judge